IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, individually and as successor in interest to the Estate of JOHN JOSEPH WATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY DEPEE, STATE OF CALIFORNIA, and DOES 1 through 100 ,<br><br>    Defendants.<br>_____/ | No. C 05-1143 SI<br><br>**ORDER GRANTING MOTIONS TO DIMSISS AND TO STRIKE** |

**BACKGROUND**

This case arises out of the shooting death of John Joseph Wayne Watkins ("Watkins"), the son of plaintiff Sylvia Mahach-Watkins, caused by California Highway Patrol ("CHP") Officer Larry Depee on December 9, 2003. According to the First Amended Complaint, Watkins, a forty-year old American Yurok Indian man, was riding his bicycle down U.S. Highway 101 southbound in the northbound lane. Defendant observed Watkins and saw that he was riding his bicycle without any lights. Defendant tried to initiate a traffic stop of Watkins twice that evening but could not do so because Watkins rode away before defendant could position his patrol car for the stop. Later that evening, Depee saw Watkins a third time, riding southbound on the sidewalk next to the northbound lane of Highway 101. Without turning on his lights or siren, he drove his patrol car directly in front of Watkins and blinded him with the car's spot light, causing Watkins to collide with the patrol car. Plaintiff alleges that Watkins was blinded by the light and unaware of who had just hit him, and ran from defendant, who did not identify himself as a police officer. Defendant chased Watkins to a wooded area behind a motel. Watkins found a hole in a thicket behind the motel and crawled inside for safety. Instead

1  of calling for back-up, as plaintiff alleges was department procedure, defendant entered the hole and began
2  striking Watkins with his flashlight. He then drew his gun and shot Watkins several times, killing him.

3  Plaintiff filed suit in state court on February 17, 2005. Defendants removed the case to federal court
4  on March 21, 2005, and filed a motion to dismiss, to which plaintiff responded by filing a First Amended
5  Complaint. Plaintiff alleges that defendant's shooting of Watkins was unjustified, and that defendant and other
6  CHP officers have engaged in a conspiracy to conceal the truth about Watkins' death through false statements
7  about the incident. Plaintiff brings claims[1] for (1) wrongful death against all defendants, based on assault and
8  battery, negligence, and negligent hiring, training and retention; (2) a survival action on behalf of Watkins' estate
9  for assault and battery; (3) a survival action on behalf of the estate for intentional infliction of emotional distress;
10 (4) a survival action on behalf of the estate for negligence; (5) a survival action on behalf of the estate for
11 negligent hiring, training and retention; (6) a civil rights claim under 42 U.S.C. § 1983 against defendants Depee
12 and the Doe defendants for violations of the First, Fourth, Fifth and Fourteenth Amendments and for conspiracy
13 to violate Watkins' civil rights; and (7) a claim for neglect to prevent civil rights violations under 42 U.S.C. §§
14 1985(3) and 1986.

15 Now before the Court is a motion by defendant to dismiss various claims and to strike certain
16 allegations from the complaint. The motion has been submitted for decision without argument.

**LEGAL STANDARDS**

**1.   Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Fed. R. Civ. P. 12(b)(6) (2004). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the Court must assume that

---

[1] The complaint contains seven causes of action, but the First Cause of Action contains three "counts" (for assault and battery, negligence, and negligent hiring, training and retention) and the Sixth Cause of Action contains two "counts" (for violation of various constitutional rights and conspiracy to violate plaintiff's constitutional rights).

2

the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## 2. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions serve the function of "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and internal quotation omitted). Rule 12(f) motions are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

# DISCUSSION

## 1. Motion to dismiss

### A. First Cause of Action

Plaintiff brings the First Cause of Action against all defendants: Officer Depee, the Doe defendants, and the State of California. Defendants seek dismissal of "Count Three" of plaintiff's wrongful death claim against the State of California on grounds that plaintiff has not pled a specific statutory basis for liability against this

3

1  public entity, as required by the California Government Code.[2]

2  Cal. Gov. Code § 815 provides: "Except as otherwise provided by statute: (a) a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." As defendants point out, this provision establishes that all governmental tort liability must be based on statute, and California courts have held that plaintiffs must plead the statutory basis for liability. The complaint states that "[d]efendant STATE OF CALIFORNIA is liable pursuant to Government Code § 815.2," see First Am. Compl. ¶ 9, and this statutory reference is incorporated into the First Cause of Action in ¶ 29. Cal Gov. Code § 815.2 provides that public entities are liable for injuries caused by their employees within the scope of their employment "if the act or omission would, apart from this section, have given rise to a cause of action against that employee." Cal. Gov. Code § 815.2. Defendant argues that, because defendant Depee could not be held liable for negligently hiring or training himself, there can be no vicarious liability for Count Three.

Plaintiff concedes that she has not specified a state statute that would give rise to liability for Count Three, but argues that the statutory basis for liability is 42 U.S.C. § 1983. She seeks leave to amend to allege this basis for liability, relying on Brown v. Bryant County, 219 F.3d 450 (5th Cir. 2000), cert. denied, 532 U.S. 1007 (2001), for the general proposition that law enforcement agencies may be sued under § 1983 for the acts of their officers. As defendants point out, Brown does not establish this rule, nor does it provide a statutory basis for a suit against the State of California, because states and state agencies cannot be sued under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Therefore, § 1983 cannot form the basis of liability under the California Tort Claims Act.

Defendants' motion is GRANTED as to Count Three without leave to amend.

### B. Survival actions

Plaintiff's Second, Third, Fourth, and Fifth Causes of Action are survival actions brought on behalf of

---

[2] In their initial motion, defendants apparently sought to dismiss the State of California as a defendant from all three "counts" of the First Cause of Action, but in their reply brief, they ask only for dismissal of the State from "Count Three," the negligent hiring, training and retention claim and do not dispute that the state could be vicariously liable under Gov. Code § 815.2 for Counts One and Two. Therefore, the Court addresses only Count Three.

United States District Court
For the Northern District of California

the estate of John Joseph Wayne Watkins. Defendants argue that all of these claims must be dismissed because the estate itself did not present a written tort claim to the public entity prior to bringing this action.

Under California law, a plaintiff may not bring an action against a public entity unless he or she has first presented a claim to that entity. Cal. Gov. Code §§ 911.2, 945.4. The California Tort Claims Act requires claimants to submit a claim that includes identifying information about the claimant, the circumstances of the occurrence giving rise to the claim, a description of the injury or damage, and the name of the public employee causing the damage or loss. Id. at § 910. The purpose of the claim statutes is "to provide sufficient information to enable th entity to adequately investigate claims." Nelson v. County of Los Angeles, 113 Cal. App. 4th 783, 797 (2003). When the underlying purpose of the claims statutes has been satisfied, courts apply the doctrine of substantial compliance to determine whether the plaintiff has met the filing requirements. This doctrine applies when the statutory requirements have been met but there is a defect in form; it does not excuse a plaintiff's failure to comply with all of the statutory requirements. Nguyen v. Los Angeles County Harbor/UCLA Medical Center, 8 Cal. App. 4th 729, 732-33 (1992).

Here, plaintiff Sylvia Manach-Watkins submitted a claim against the California Highway Patrol listing "Patricia Ann Watkins (Sister of decedent John Watkins)" and "Sylvia Mahach-Watkins (Mother of decedent John Watkins)" as the claimants on the form. First Am. Compl., Ex. B. The damages sought are for: "Wrongful Death: loss of benefits and funeral expenses; present value of future contributions; loss of society and companionship. Int. and Neg. of Emotional Distress . . ." Id. Where the claim form asked for the "specific damage or injury incurred as a result of the injury," plaintiff wrote: "Shot and killed while unarmed." Id.

Defendant argues that nothing in this claim suggested that it was made in a representative capacity; rather, it appears to be a standard wrongful death claim seeking damages suffered by the decedent's heirs, not the decedent himself. Defendant relies on Nelson v. County of Los Angeles, 113 Cal. App. 4th 783, 796, where the California Court of Appeal affirmed the trial court's grant of summary adjudication on a plaintiff's survival causes of action. That plaintiff, also the decedent's mother, identified herself as the claimant, did not identify the estate or herself as her son's personal representative, and listed her damages as "loss of son, economic losses, emotional and mental injuries." The appeals court held that there was nothing in the plaintiff's

5

claim to suggest that it was filed in anything other than her individual capacity, and thus no claim was ever filed on behalf of the estate.

Plaintiff attempts to distinguish Nelson on grounds that the claim filed by that plaintiff gave no indication that it was made on behalf of the estate, whereas here "a multitude of indicators" on the claim form suggest an estate claim. Pl.'s Opp'n at 9:8. First, she contends that, by identifying her as "mother of decedent John Watkins," her claim suggested the estate's interest in the claim. Second, she argues that because she ended her list of damages with an ellipsis, it was clearly non-exhaustive and not limited to her individual injuries. Finally, plaintiff argues that, unlike the plaintiff in Nelson, she identified the harm to the estate by identifying "[s]hot and killed while unarmed" as the "specific damage or injury incurred." According to plaintiff, these facts demonstrate her substantial compliance with the tort claim requirements.

The Court finds plaintiff's contentions unavailing and considers Nelson entirely applicable to this case. Plaintiff's description of herself as the decedent's mother, of the injury to the decedent, and of the damages as various economic and emotional losses based on "wrongful death" and "emotional distress" all suggest a wrongful death claim properly asserted by the decedent's heirs rather than losses suffered by Watkins before his death. The use of ellipsis is not sufficient to convey unidentified losses to the estate. Therefore, because Watkins' survival actions and plaintiff's wrongful death claim present separate and distinct injuries, a separate tort claim on behalf of the estate was required. In the absence of such a claim, the Second, Third, Fourth, and Fifth Causes of Action must be dismissed.

The question remains whether the survival actions must be dismissed against only the State of California or also against Depee and the Doe defendants. Plaintiff contends that her survival claims against defendant Depee exist independent of her claims against the State of California and are not covered by the California Tort Claims Act's requirements. Under California law, a plaintiff must comply with the Tort Claims Act before bringing a tort suit against a public employee as well as a public entity, and an action against a public employee acting in the scope of his employment is barred if any action against the employing public agency is barred under the Tort Claims Act. See Cal. Gov Code § 950.2; Burgdorf v. Funder, 246 Cal. App. 2d 443, 447 (1966) ("a plaintiff must still allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee."). The Court concludes that the Tort Claims Act's requirements apply

6

equally to the estate's claims against the public employee defendants as to the claims against the state itself, and that all survival claims are barred by plaintiff's failure to bring a separate tort claim on behalf of the estate.

Accordingly, defendants' motion to dismiss the Second, Third, Fourth, and Fifth claims is GRANTED without leave to amend.

### 2. Motion to strike

Defendant asks the Court to strike statements in the Sixth Cause of Action that describe alleged wrongdoing by the State of California. Plaintiff's original complaint brought a claim under 42 U.S.C. § 1983 against both Depee and the state. She amended the complaint and omitted the state as a defendant under § 1983 but did not delete the allegations about unconstitutional customs, policies and practices of the State of California. The allegations to which defendants object are found in paragraphs 70, 71, 72, 73, and 83.

Defendants suggest that these allegations constitute a "misapplication of the concept of municipal liability [under Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)], which does exist under § 1983, to a state agency." Defs.' Mot. at 18:10-11. They contend that this language violates Rule 8 of the Federal Rules, prejudices defendants, and threatens to complicate the litigation. Specifically, defendants are concerned that, although plaintiff's § 1983 claim itself does not implicate state policies, allowing these statements to remain in the complaint will require them to produce discovery about irrelevant state policies and practices. In her opposition, plaintiff argues that the allegations regarding the CHP's customs, policies and practices are "relevant to the mindset of Officer Depee and explains the reasons for his conduct," and therefore are important to a "full perspective of what happened the night of the incident." Pl.'s Opp'n at 10:12-16.

The Court agrees with defendants that certain of the allegations about the State of California's policies and practices are immaterial to the § 1983 claim against Officer Depee and the Doe defendants, and should be stricken. These are: First Am. Compl. ¶ 70 in its entirety; ¶ 71, second sentence; ¶ 72 in its entirety; ¶ 73 in its entirety; and ¶ 83 in its entirety.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion

as to Count Three of the First Cause of Action, GRANTS defendants' motion as to the survival actions, and GRANTS IN PART defendants' motion to strike allegations in the Sixth Cause of Action.

**IT IS SO ORDERED.**

Dated: July 8, 2005

SUSAN ILLSTON
United States District Judge