1 | BILL LOCKYER
Attorney General of the State of California
2 | TYLER B. PON
Supervising Deputy Attorney General
3 | DAVID W. HAMILTON, State Bar No. 88587
S. MICHELE INAN, State Bar No. 119205
4 | Deputy Attorneys General
  1515 Clay Street, 20th Floor
5 | P.O. Box 70550
  Oakland, CA  94612-0550
6 | Telephone:  (510) 622-2151
  Fax:  (510) 622-2270
7 |
Attorneys for Defendants
8 |

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| 12 SYLVIA MAHACH-WATKINS, Individually and as the Successor in Interest to the Estate of JOHN JOSEPH WAYNE WATKINS, and PATRICIA ANN WATKINS, | CASE NO. C-05-1143-SI |
| 13 | **AMENDED STIPULATED PROTECTIVE ORDER** |
| 14 Plaintiffs, | |
| 15 v. | |
| 16 LARRY DEPEE, STATE OF CALIFORNIA, and DOES 1 through 100, Inclusive, | |
| 17 | |
| 18 Defendants. | |

19 |

20 |         The parties to this action, by and through their attorneys, hereby stipulate that:

21 |     (1)  A party that receives a discovery request that would reach material that it believes is

22 |          covered by the official information privilege shall only designate such discovery

23 |          material "Confidential" after making a good faith determination that such protection is

24 |          warranted;

25 |     (2)  All information that is designated "confidential" by a party is properly subject to

26 |          protection under FRCP 26(c) and *Kelly v. City of San Jose*, 114 FRD 653 (9th Cir.

27 |          1987);

28 | //

STIPULATED PROTECTIVE ORDER                                                    No. 05-1143-SI

1

1    (3)   A party may challenge the opposing party's designation of requested discovery

2            information as confidential by engaging in a meet-and-confer process (in writing or

3            orally), with opposing counsel, indicating which information the challenging party

4            believes does not warrant a confidentiality designation.  The challenging party must

5            then explain the bases for the challenge and try to persuade the opposing party to

6            change its position.  If that direct effort at persuasion fails and the party seeking

7            protection refuses to accept disclosure pursuant to the Stipulated Protective Order, the

8            challenging party should turn to the court by filing a focused motion to compel;

9    (4)   The burden of justification is on the party seeking protection to show that such

10           protection is warranted;

11    (5)   When documents are designated as "confidential" they may be disclosed to the

12           plaintiff subject to the following conditions and this Court's Protective Order:

13        (i)   The documents and their contents may be used by the opposing party only in this

14              litigation and may not be used in separate proceedings or actions at this time or in

15              the future without first being obtained through proper discovery procedures or

16              court orders in those separate proceedings or trials;

17        (ii)   The documents and their contents may not be disclosed, copied, distributed,

18              shown, described or read to any person or entity (including and not limited to

19              media representatives) by the opposing party or its representatives or agents other

20              than the parties to this litigation; the parties' attorneys, paralegals, and office staff

21              in this litigation; and the party's expert consultants in this litigation;

22        (iii) All documents produced subject to this Stipulated Protective Order and copies

23              thereof will be clearly marked "Confidential" by the party to indicate that they are

24              subject to this Protective Order;

25        (iv) All documents produced subject to this Stipulated Protective Order and copies

26              thereof must be destroyed or returned to the opposing party's counsel upon

27              termination of this litigation;

28        (v)   This Stipulated Protective Order does not in any way affect or prejudice the right

1        of any party at time of trial or other proceedings in this matter to object to the use

2        or admissibility of said documents at the trial or other proceedings;

3   (6)  Nothing contained in this order shall prohibit the parties' attorneys from using or

4        referring to any information designated as confidential and disclosed pursuant to this

5        Protective Order in motion papers or pleadings filed with the Court, provided that

6        adequate provision is made to protect the confidentiality of the protected information;

7        and that any portion of such motion papers or legal pleadings that reference any

8        confidential information protected herein be lodged for filing under seal, pursuant to

9        the Court's rules and procedures (see Civil Local Rule 79-5).

10        When filing confidential documents under seal, counsel shall place the documents

11        in a sealed envelope labeled to identify the title of the case, the case number, and the

12        title of the document with instructions that the document is filed pursuant to the

13        Stipulated Protective Order and that the envelope is not to be opened absent further

14        order of the court. For the purposes of any deadline, the date of lodging shall be

15        deemed the date of filing.

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

STIPULATED PROTECTIVE ORDER             No. 05-1143-SI

1    (7)    The parties agree to submit to the jurisdiction of this Court if any dispute arises over

2          their use of the information.  The Court's jurisdiction to enforce the terms of this Order

3          shall extend 6 months after the final termination of the action.

4                                              SO STIPULATED,

5

6    Dated: _____          _____/s/ Mary Helen Beatificato_____
                                          MARY HELEN BEATIFICATO
7                                          Attorney for Plaintiff

8    Dated: _____          _____/s/ Tory M. Pankopf_____
9                                          TORY M. PANKOPF
                                          Attorney for Plaintiff
10

11   Dated: _____          _____/s/ Michele Inan_____
                                          S. MICHELE INAN
12                                         Attorney for Defendants

13
                                 **ORDER**
14

15        Upon good cause shown, the above Stipulation of the parties is hereby approved and made

16   an Order of this Court.

17   DATED: _____     _____
                                          THE HON. SUSAN ILLSTON
18                                         United States District Judge

19   SF2004TT0246
     Amended Protective Order.wpd
20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                                    No. 05-1143-SI

                                        i