IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, et al., | No. C 05-1143 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| LARRY DEPEE, et al., | |
| Defendants. | |

On October 6, 2006, the Court heard oral argument on defendants' motion for summary judgment. After consideration of the parties' papers and the arguments of counsel, the Court hereby GRANTS in part and DENIES in part defendants' motion.[1]

## BACKGROUND[2]

This case arises out of the shooting death of John Joseph Wayne Watkins ("Watkins"), the son of plaintiff Sylvia Mahach-Watkins, by California Highway Patrol ("CHP") Officer Larry Depee on December 9, 2003. The parties essentially agree that, Watkins, a forty-year old American Yurok Indian man, was riding his bicycle down U.S. Highway 101 southbound in the northbound lane. Defendant Depee observed Watkins and saw that he was riding his bicycle without any lights. Depee tried to

---

[1] The Court finds that supplemental briefing on the standard applicable to plaintiff's Fourteenth Amendment claim is unnecessary.

[2] Defendants' version of events is based almost exclusively on Depee's deposition testimony. Plaintiff's version of events is based in part on Depee's deposition testimony, as well as reports generated as part of investigations of the shooting, other documentary evidence, and expert declarations. Defendants have filed objections to almost all of plaintiff's evidence, and have moved to strike all of plaintiff's experts' declarations. The parties' objections are discussed *infra*.

initiate a traffic stop of Watkins twice that evening but could not do so because Watkins rode away before defendant could position his patrol car for the stop.

Later that evening, Depee saw Watkins a third time, riding southbound on the sidewalk next to the northbound lane of Highway 101. The parties agree that Depee parked his patrol car directly in front of Watkins. Plaintiff claims that Watkins collided with the patrol car and fell from his bicycle onto the ground, while defendants maintain that Watkins stopped, straddled his bicycle and after Depee told Watkins he could not ride the wrong way in the roadway without lights, that Watkins either shoved or threw the bicycle at Depee and started running. The parties agree that at some point after Depee stopped Watkins, Watkins ran away to a wooded area behind a nearby Super 8 Motel, and Depee chased him. According to Depee, he and Watkins struggled, and at some point during the fight, Watkins began yelling that he needed to go home to take his medications, and also told Depee he had a gun. Also according to Depee, Watkins wrested Depee's flashlight away from him and swung at him twice with the flashlight. After the second swing, Depee drew his gun and shot Watkins several times, killing him.

Based upon, *inter alia*, the declaration of forensic pathologist John Cooper, plaintiff maintains that at the time Depee shot Watkins, Watkins was lying on his left side with his right arm raised up in a "warding off" gesture, and that Watkins could not have been swinging the flashlight at the time of his death. Plaintiff also emphasizes the fact that a fingerprint analysis of Depee's flashlight only revealed one of Watkins' fingerprints on the head area of the flashlight; plaintiff asserts that if Depee's version of events was true, there would be more of Watkins' fingerprints on the flashlight, and that those fingerprints would be on the shaft of the flashlight.

Plaintiff filed suit in state court on February 17, 2005. Defendants removed the case to federal court on March 21, 2005. Now before the Court is defendants' motion for summary judgment on the following remaining claims: (1) decedent's § 1983 claim for violation of Fourth Amendment rights; (2) plaintiff's § 1983 claim for violation of Fourth and Fourteenth Amendment rights; (3) plaintiff's and decedent's claims of conspiracy under 42 U.S.C. §§ 1983, 1985(3) and 1986; and (4) decedent's state law claims of assault and battery and negligence.

**LEGAL STANDARD**

Summary adjudication is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a motion for summary judgment, "[if] the moving party for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *See T.W. Elec. Service, Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and draws all inferences in the light most favorable to the non-moving party. *See T.W. Electric*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

**1.   Decedent's § 1983 Fourth Amendment claim**

Defendants contend that Officer Depee is entitled to qualified immunity on decedent's § 1983 claim of violation of his Fourth Amendment rights. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right, then proceed to determine if the right was "clearly established." *Wilson v. Layne*, 526 U.S. 603 (1999).

Here, plaintiff agrees that if Officer Depee's version of events is true, he is entitled to qualified immunity. However, plaintiff contends that the circumstantial evidence shows that Officer Depee's account is incorrect, and that at the very least there are triable issues of fact as to whether Depee's use of deadly force was objectively reasonable.

"If there are genuine issues of material fact in issue relating to the historical facts of what the official knew or what he did, it is clear that these are questions of fact for the jury to determine." *Sinaloa Lake Owners*, 70 F.3d at 1099. The Court concludes that plaintiff has raised a genuine dispute as to whether Depee acted unreasonably, and therefore that summary judgment on decedent's § 1983 claim is inappropriate. Dr. Cooper's declaration states that based upon his analysis of the autopsy report and other documents in this case, he concludes that at the time of the shooting, Watkins was lying on his left side and holding his right arm out in a "warding off" gesture.[3] Dr. Cooper also states that at the moment of the shooting, Watkins could not have been swinging the flashlight at Depee. Dr. Cooper's declaration, combined with other admissible evidence submitted by plaintiff, is sufficient to raise a genuine dispute as to what actually occurred in the moments leading up to Depee's fatal shooting of Watkins.

**2.     Plaintiff's § 1983 Fourth and Fourteenth Amendment claim**

Defendants first contend that as a matter of law, plaintiff cannot assert a § 1983 claim for a Fourth Amendment violation in her own right because she herself was not subjected to excessive force. Defendants are correct. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *see also Smith v. City of Fontana*, 818 F.2d 1411, 1417-20 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (decedent's children could

---

[3] Defendants contend that Dr. Cooper's declaration is inadmissible because certain conclusions are based on unsupported assumptions, and the declaration is otherwise unreliable. The Court concludes that defendants' objections go to the weight, and not the admissibility, of Dr. Cooper's testimony. In addition, with respect to Dr. Cooper's "assumption" that Watkins and Depee were facing each other at the time of the shooting, Depee testified at his deposition that after Watkins took the flashlight from Depee, and at the time of the shooting, Depee did not know whether Watkins was facing toward him or away from him. Thus, Dr. Cooper's assumption, if in fact he did make this assumption, is not necessarily inconsistent with Depee's deposition testimony.

4

assert personal substantive due process claim but could not assert personal Fourth Amendment claim).[4]

Although the parties agree plaintiff can pursue a substantive due process claim based on the deprivation of the liberty interest arising out of her relationship with Watkins, the parties dispute what standard governs that claim. Relying on the Supreme Court's decision in *County of Sacramento v. Lewis*, 523 U.S. 833 (1998), and the Ninth Circuit's decision in *Moreland*, defendants contend that a "shocks the conscience" standard applies to plaintiff's substantive due process claim. Plaintiff asserts that the Fourth Amendment's "reasonableness" standard applies.

The Court concludes that neither party is correct, and that the applicable standard is one of deliberate indifference. The Supreme Court stated that its holding in *Lewis* was narrower than defendants suggest. The Court intended "to resolve a conflict among the Circuits over the standard of culpability on the part of a law enforcement officer for violating substantive due process in a pursuit case." *Lewis*, 523 U.S. at 839. As the Ninth Circuit noted, the *Lewis* decision applies to "unintentional killing of an individual by law enforcement officers." *Moreland*, 159 F.3d at 372. The question before the *Moreland* court was whether the Supreme Court's new interpretation of the "shocks the conscience" standard "also controls in cases where it is alleged that an officer inadvertently harmed a bystander. . . ." *Id.* The court answered in the affirmative. *Id.*

Both *Lewis* and *Moreland* involved unintentional killings. This case, by contrast, involves an intentional killing and the substantive due process rights of surviving family members. As this Court held in *Baldridge v. City of Santa Rosa*, 1999 WL 66141 (N.D. Cal. Feb. 9, 1999), for family members of an individual killed by police to prevail on their Fourteenth Amendment claim, they must demonstrate that the police "acted with deliberate indifference to [their] rights of familial relationship and society by using excessive force against [the decedent]." *Id.* at *5. Application of the "deliberate indifference" standard to Fourteenth Amendment familial association claims was reaffirmed by the Ninth Circuit in

---

[4] Plaintiff relies on *Moreland v. Las Vegas Metropolitan Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998), to assert that she can bring a Fourth Amendment § 1983 claim based upon her son's death. However, *Moreland* held that "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim *on that individual's behalf* if the relevant state's law authorizes a survival action." (emphasis added). Here, the Court has denied defendants' motion for summary judgment on plaintiff's claim on behalf of Watkins in section 1 *supra*. A separate question presented by defendant's motion is whether plaintiff can assert, on her own behalf, a Fourth Amendment claim based upon her son's death. The Court concludes that she cannot.

*Lee v. City of Los Angeles*, 250 F.3d 668 (2001). The appeals court reversed the trial judge's dismissal of plaintiffs' claims, finding that plaintiffs had stated a cause of action by alleging "reckless, intentional and deliberate acts and omissions of defendants," constituting an "unwarranted interference" with the rights of family members. *Id.* at 685-86. The "deliberate indifference" standard applies in the instant case. If plaintiff's version of events is correct, she has raised a triable issue of fact as to whether Depee acted in deliberate indifference, and accordingly summary judgment is inappropriate.

**3.     Plaintiff's and decedent's conspiracy claims**

In the sixth cause of action, plaintiff alleges on behalf of herself and Watkins that Officer Depee and unnamed defendants interfered with the shooting investigation by making false statements; failing to gather, preserve, and disclose evidence; intimidating and misleading witnesses; and generally permitting and encouraging a conspiracy by officers which tainted "official statements" about the shooting. FAC ¶¶ 69, 80-82. Plaintiff alleges that the conspiracy violated her constitutional right of access to the courts under the First, Fifth and Fourteenth Amendments, and that Officer Depee and others conspired to commit excessive force on Watkins in violation of his and plaintiff's Fourth Amendment rights. *Id.* ¶ 80. In the seventh cause of action, plaintiff alleges that Officer Depee failed to prevent the conspiracies described in the sixth cause of action from continuing in violation of 42 U.S.C. §§ 1985 and 1986. Plaintiff alleges this cause of action on her own behalf and on behalf of Watkins.

In her opposition to defendants' motion for summary judgment, plaintiff frames her conspiracy claims somewhat differently: "Here, Plaintiff has alleged that members of the Crescent City Police Department, the Del Norte County Sheriff's Department and the California Highway Patrol conspired to engage in a post-shooting cover up designed to conceal the true facts and concoct a fabricated version of events so that the shooting would appear to be justified." Opposition at 23. Plaintiff further states, "It is not the Plaintiff's claim that Defendants conspired to deny her access to the courts." Opposition

6

at 24.[5] Plaintiff apparently no longer contends that defendants conspired to commit excessive force on Watkins.

The Court concludes that defendants are entitled to summary judgment on plaintiff's conspiracy claims because plaintiff has not submitted any evidence of an agreement between Depee and the Crescent City Police Department, the Del Norte County Sheriff's Department, and the California Highway Patrol (none of whom are named as defendants) to conceal the "true facts" of the shooting. The simple fact that these different entities all concluded that Depee's shooting of Watkins was justified is not evidence of a conspiracy. *See Ward v. E.E.O.C.*, 719 F.2d 311, 314 (9th Cir. 1983) ("Although conspiracy may be inferred from conduct and need not be proved by evidence of an express agreement, Ward's failure to point to any facts probative of a conspiracy entitled the EEOC to summary judgment."). Accordingly, the Court GRANTS summary judgment in favor of defendants on the conspiracy claims.

Plaintiff's § 1985 and 1986 claims fail for the same reasons.[6] In addition, plaintiff has neither alleged nor submitted any evidence that defendants conspired against Watkins on account of his race or any other protected characteristic. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language [in § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Indeed, there is no evidence in the record to suggest that Depee was aware of Watkins' Native American heritage.

---

[5] The Court notes that at the October 6, 2006 hearing, plaintiffs' counsel again made reference to denial of access to the courts. Because the Court's holding does not turn on this aspect of plaintiff's claim, this inconsistency in plaintiff's position is of no consequence.

[6] The § 1986 claim is derivative of the § 1985 claim. 42 U.S.C. § 1986 provides, in relevant part:
> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act . . . .

42 U.S.C. § 1986.

7

#### 4.      State law claims (plaintiff's state law wrongful death claims)

For the same reasons stated earlier with regard to decedent's Fourth Amendment claim, because there are genuine disputes as to the reasonableness of Depee's actions, the Court finds that there are disputes sufficient to defeat summary judgment on decedent's state law wrongful death claims based on  assault and battery and negligence.

#### 5.      Parties' objections to evidence

Defendants have moved to strike the declarations of plaintiffs' experts on numerous grounds. The Court finds that defendants' objections go to the weight rather than the admissibility of these declarations, and accordingly the Court DENIES defendants' motion.

Defendants have also filed objections to various exhibits submitted by plaintiff.  The Court SUSTAINS the objections to Exhibits E and G to the Pankopf declaration, as defendants assert, and plaintiff does not deny, that the DVD and audiotape are not true and correct copies of the DVD and audiotape produced by defendants in discovery.  If plaintiff wishes to introduce these items at trial, plaintiff must establish that these items are in fact admissible.  Defendants object to a number of exhibits as lacking foundation and on hearsay grounds; the Court SUSTAINS those objections without prejudice to plaintiff laying a proper foundation and evidentiary basis for these documents at the time of trial. The Court OVERRULES objections that were made purely on relevance grounds.

Plaintiff has moved to strike footnote 1 on page 5 of defendants' motion on the ground that defendants have improperly interpreted California Vehicle Code § 21202(a).  Parties may disagree with each other's interpretation of the law; such disagreement is not a proper basis for a motion to strike, and accordingly the Court DENIES plaintiff's motion.  Plaintiff's objection to defendants' interpretation of Chief Plack's deposition is similarly OVERRULED.  The Court SUSTAINS plaintiff's objection to paragraph 10 of the Inan declaration as well as Exhibit 9 to that declaration (declaration of Michael Miller).  The Miller declaration contains inadmissible hearsay and describes confidential medical records that are not attached to that declaration.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendants' motion for summary judgment. (Docket No. 46).

The Court DENIES summary judgment on decedent's § 1983 – 4th Amendment claim; on plaintiff's § 1983 -- 14th Amendment substantive due process claim; and on plaintiff's state law wrongful death claims based on assault and battery and negligence. The Court GRANTS summary judgment to defendant on plaintiff's §§ 1983, 1985 and 1986 conspiracy claims. All other claims stated in the First Amended Complaint have been dismissed by prior order.

The Court DENIES defendants' motion to strike, and SUSTAINS in part and OVERRULES in part defendants' objections. (Docket No. 68). The Court SUSTAINS in part and OVERRULES in part plaintiff's objections. (Docket No. 61).

**IT IS SO ORDERED.**

Dated:   October 23, 2006

SUSAN ILLSTON
United States District Judge