Case3:05-cv-01143-SI   Document80   Filed02/06/07   Page1 of 5



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public:    (510) 622-2100
Telephone: (510) 622-2193
Facsimile: (510) 622-2121
E-Mail: David.Hamilton@doj.ca.gov

February 6, 2007

The Hon. Susan Illston
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Ave., Ctrm. 10, 19th Floor
San Francisco, California 94102

RE:  Sylvia Mahach-Watkins, et al. v. Larry Depee, et al.
     U.S. Dist. Ct. (N.D. Cal.) No. C-05-1143-SI

Dear Judge Illston:

   Defendants Larry Depee and the State of California write this letter to enlist the Court's intervention in a discovery dispute, pursuant to the Court's Standing Order. As stated in the declaration of counsel filed herewith, the parties have conferred in an unsuccessful effort to resolve this dispute as required by Federal Rule of Civil Procedure 37 and Local Rule 37-1.

   This wrongful death and civil rights action arises from the shooting death of John Watkins, son of plaintiff Sylvia Mahach-Watkins, by defendant California Highway Patrol Officer Larry Depee. Trial is scheduled for May 29, 2007, and expert discovery has commenced with the exchange of Rule 26 reports and scheduling of all expert depositions. Per the Court's second pretrial preparation order dated November 1, 2006, the expert discovery cutoff is March 2, 2007.

   The discovery dispute concerns plaintiff's declared forensic pathologist, Dr. Kris Sperry, who practices in Georgia. Plaintiff's counsel are insisting that defendants are required to either go to Georgia, at defendants' expense, to depose Dr. Sperry, or else pay for his travel expenses and his professional time to bring him to California for a deposition. Defendants believe that plaintiff counsel's purported reason for retaining this expert in Georgia (that no expert in this field could be found in California who could do the necessary work on "short notice") is not convincing, and that it would be unreasonable and unjust to expect defendants to bear the cost of deposing Dr. Sperry clear across the country when there are dozens of qualified forensic pathologists in California. Dr. Sperry also wishes to charge defendants an exorbitant hourly fee to take his deposition, and defendants also seek relief from the Court on this fee issue.

### Dr. Sperry's Travel Time and Expenses

Plaintiff takes the position that defendants are required to bear all costs associated with deposing Dr. Sperry, including his travel time and travel expenses between Georgia and California. Federal Rule of Civil Procedure 26(b)(4) authorizes the deposition of experts, and subdivision 26(b)(4)(C) specifically provides:

> "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery ...."

(Emphasis supplied.) The district court may refuse to order the deposing party to pay the other party's expert fee if it makes a finding of "manifest injustice." (*United States v. City of Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1986), cert. denied, 482 U.S. 914 (1987). But whether or not such a finding can be made in a given case, the first question to be addressed is whether the expert is demanding a "reasonable fee" for his deposition.

The district court took up this question in a case factually similar to the case at bar: *Lent v. Fashion Mall Partners, L.P.*, 223 F.R.D. 317 (S.D.N.Y. 2004). The *Lent* case was a premises liability action in which the defendants refused to pay for travel time and expenses to depose the plaintiff's out-of-state expert. Plaintiff had disclosed a security expert from Savannah, Georgia to testify about the applicable safety standards at a shopping center in White Plains, New York, where the alleged incident occurred. The district court in *Lent* viewed the question presented as whether the phrase "reasonable fee" in Rule 26(b)(4)(C) includes travel time and expenses for traveling from Georgia to New York. The court ruled that defendants did not have to bear those costs:

> "The Plaintiff should be free to select the expert of his choice, regardless of where that expert is located. However, the Defendants should not be forced to pay the increased costs associated with the Plaintiff's decision to engage an expert from another part of the country – Georgia. This is particularly true when the Plaintiff has not made a showing, or even claimed, that no acceptable security experts were available in the New York area."

*Id.* at 318. Thus, the court required the plaintiff to pay all travel time and expenses of his declared security expert from Georgia to New York (requiring the defendants to pay only for the costs of the expert's traveling between the New York airport and the deposition location). *Ibid.*

The Hon. Susan Illston
February 6, 2007
Page 3

In the present matter, instead of hiring a forensic pathologist somewhere in California, plaintiff has chosen to retain an expert on the other side of the country and now expects defendants to bear the extra travel costs of deposing that expert. Those costs will entail either flying Dr. Sperry out to the San Francisco area, and paying for his travel time and expenses, or else defense counsel traveling to and from Georgia at considerable expense to defendants. Defense counsel is willing to travel anywhere in California to depose plaintiff's experts, and indeed we are bearing the cost of flying to the San Diego area (Santee) to depose one of plaintiff's experts, but it is unreasonable for plaintiff to require defendants to bear the extra cost of traveling out of state. (See Decl. of David W. Hamilton filed herewith, ¶¶ 3-5.)

This is especially the case here when the area of Dr. Sperry's expertise (forensic pathology) is hardly unique: there are dozens of qualified experts in his field available for hire in California. Defense counsel did some very quick research to get an idea how many forensic pathologists are available in California and discovered the following information: (1) the National Association of Medical Examiners, which is the national professional organization of physician medical examiners (of which Dr. Sperry is a member), lists 74 members in California on its web site; (2) the publication Jury Verdicts Search (formerly Jury Verdicts Weekly) shows 12 forensic pathologists from California who testified in civil trials just since the year 2000; and (3) an expert witness research firm, IDEX, lists 35 forensic pathologists located in California. (See Hamilton Decl. ¶ 6, & Exh. A.) The IDEX database is particularly telling because IDEX provides research to defense attorneys and therefore includes in its database predominantly those experts who customarily work for <u>plaintiffs</u> in civil litigation. (Hamilton Decl. ¶¶ 6-8.)

In a letter to defense counsel about this dispute (see Hamilton Decl., Exh. B), plaintiff's attorney claims that plaintiff was required to replace two retained experts, including their former forensic pathologist, Dr. John T. Cooper, and "had very little time in which to retain additional experts." She further claims that she "consulted with numerous experts in California," but none of them was available to do the necessary work in preparation for trial. The Court will recall that a continuance of the initial trial date was necessitated by the untimely death of one of plaintiff's experts and the cancer therapy of the plaintiff's first forensic pathologist, Dr. Cooper (who, by the way, resides in Texas). Plaintiff's counsel filed a stipulation dated October 2, 2006 reciting these facts, and the Court on October 6, 2006 continued the trial date to May 29, 2007 and required Rule 26 expert reports by January 15, 2007. (See Civil Pretrial Minutes dated Oct. 6, 2006.) Plaintiff's counsel therefore had well over three months after learning of Dr. Cooper's unavailability to locate and prepare a substitute expert by the disclosure date. Whoever were the "numerous experts" counsel claims to have consulted in California, it defies belief that counsel could not find a single one available to do this work in the time allowed, but she apparently had sufficient time to scour the rest of the country and find a suitable pathologist in Georgia.

The Hon. Susan Illston
February 6, 2007
Page 4

In her meet-and-confer letter to defense counsel (Exh. B), plaintiff's attorney disputes defendant's reliance on the *Lent* case and cites several other cases which, she contends, support her position. Her reliance on those cases is misplaced. In *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331-332 (D. Del. 2003), the plaintiff served a subpoena on defendant's expert that required him to expend some 50 hours searching his company's files for transcripts of prior deposition testimony. The court ruled that this was a proper discovery request but that the subpoenaing party (the plaintiff) should pay for the expert's time spent in responding to that discovery. In *M.T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997), the district court held that since the plaintiff selected the deposition location of Chicago, which required plaintiff's expert to travel from his home in Minnesota, the plaintiff "should bear all costs associated with his travel and lodging." Finally, in *Frederick v. Columbia University*, 212 F.R.D. 176, 176-177 (S.D.N.Y. 2003), the court found a toxicologist's demanded deposition fee of $975 per hour to be unreasonable, ordered it reduced to $375 per hour, and exercised its discretion under Rule 26(b)(4)(C) to reduce his fee for travel time to $200 per hour.

None of the cases relied upon by plaintiff address the question of whether it is reasonable to force a deposing party to pay the travel time and costs of deposing an out-of-state expert when there has been no showing of unavailability of in-state experts in the same field.

### Dr. Sperry's Unreasonable Expert Rates

According to Dr. Sperry's report in this case he charges $400 per hour for review and consultation, $750 per hour for deposition testimony, and $4,500 per day plus travel and lodging expenses for court testimony. (Hamilton Decl. ¶ 4.) Defendants' declared forensic pathologist in this action is Dr. Richard Mason, who is the Forensic Pathologist for the Sheriff-Coroner of Santa Cruz County and (like Dr. Sperry) Board-certified in forensic pathology; he has 40 years of experience in his field. (See Hamilton Decl. ¶ 10, & Exh. C.) By comparison to Dr. Sperry, Dr. Mason charges $400 per hour for review of records and consultation, just $450 per hour for deposition, and $2,200 per day for trial testimony. (Hamilton Decl. ¶ 10.) It should be noted that Dr. Mason's rate for deposition testimony is very close to what he charges defendants for consultation, while Dr. Sperry wants to charge defendants nearly <u>double</u> what he charges plaintiff's counsel. Defendants' brief research, moreover, shows that Dr. Mason's charges are comparable to those of other forensic pathologists in California, while Dr. Sperry's rates are well outside the mainstream. (Hamilton Decl. ¶ 11.)

The federal courts have exercised their discretion under Rule 26(b)(4)(C) to reduce expert's deposition charges when found to be unreasonable. In the *Frederick* case noted above, the court found a medical toxicologist's desired rate of $975 per hour to be "exorbitant" and ordered it reduced to $375 per hour. In *Hose v. Chicago and North West. Transp. Co.*, 154

The Hon. Susan Illston
February 6, 2007
Page 5

F.R.D. 222, 225-227 (S.D. Iowa 1994), the district court declared a neurologist's requested deposition rate of $800 per hour to be "grossly excessive" and ordered it to be cut in half. The court in *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337, 338-340 (D. Conn. 1991), ruled that a psychiatrist's requested deposition fee of $450 per hour was not reasonable and reduced it to $200 per hour.

### Conclusion

Based on the foregoing legal authority and the facts set forth in the accompanying Declaration of David W. Hamilton, defendants respectfully request that the Court order (1) that plaintiff be required to bear all travel time charges and travel costs for Dr. Sperry to be deposed in California or, alternatively, that plaintiff pay the travel costs and travel time (at the Attorney General's rate charged to its client agencies of $158 per hour) for defense counsel to travel to and from Dr. Sperry's location in Georgia; and (2) that Dr. Sperry's deposition rate charged to defendants be reduced to a reasonable rate not to exceed $450 per hour.

Defendants respectfully request that the Court issue a decision on this dispute **no later than February 20** if at all possible so that counsel can make final travel arrangements for Dr. Sperry's deposition, which is set for March 2, 2007.

Sincerely,

DAVID W. HAMILTON
Deputy Attorney General

For   EDMUND G. BROWN JR.
      Attorney General

cc:   All counsel