United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, et al., | No. C 05-1143 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION FOR REFUND OF EXPERT FEE** |
| v. | |
| LARRY DEPEE, et al., | |
| Defendants. | |

This order addresses the parties' dispute concerning the deposition of plaintiffs' forensic pathologist, Dr. Kris Sperry.[1] Defendants object to Dr. Sperry's $750/hour rate for deposition testimony, and request that it be reduced to $450 per hour.[2]

Under Federal Rule of Civil Procedure 26(b)(4)(C), "[u]nless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." In determining whether an expert's fee is reasonable, district courts have applied a number of factors:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality, and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Frederick v. Columbia Univ.*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003).

---

[1] The parties' letter briefs are found at Docket Nos. 80, 82, 83 and 84.

[2] Defendants took Dr. Sperry's deposition by video and paid him the full fee. Defendants request that the Court order a partial refund of the payment.

The Court finds that Dr. Sperry's rate is not unreasonable, and accordingly DENIES defendants' motion. According to the materials submitted by plaintiffs, Dr. Sperry is the Chief Medical Examiner for the State of Georgia, he is licensed to practice medicine in three states, and he has multiple board certifications in forensic pathology. Dr. Sperry has been published over 50 times, and has taught at various medical schools over the past 15 years. Dr. Sperry states that since he raised his rate to $750/hour, he has been deposed eight times in cases from throughout the country, and that he has been paid his rate "without complaint or comment." On this record, the Court finds that defendants are required to pay Dr. Sperry's rate.

**IT IS SO ORDERED.**

Dated: March 7, 2007

SUSAN ILLSTON
United States District Judge