IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, | No. C 05-1143 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| LARRY DEPEE, et al., | |
| Defendants. | |

A hearing on plaintiff's motion for sanctions is scheduled for May 11, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Plaintiff contends that defendants committed numerous discovery violations, and seeks a variety of sanctions as a result. As an initial matter, the Court notes that plaintiff's motion does not comply with Federal Rule of Civil Procedure 37(a)(2)(B) or Civil Local Rule 37, which both require a party to meet and confer prior to filing a discovery sanctions motion. Defendants' opposition states that plaintiff's counsel made no effort to meet and confer, and plaintiff's counsel's declaration does not describe any such efforts. Plaintiff's failure to meet and confer is reason alone for denying plaintiff's motion.

Even on the merits, however, plaintiff's motion fails to show that sanctions are warranted. Plaintiff contends that defendants violated the discovery rules and this Court's scheduling orders by (1) failing to provide plaintiff with a copy of the decedent's X-rays obtained from the Del Norte County Coroner; (2) failing to provide plaintiff with "powder pattern versus distance test results" in the possession of the California Highway Patrol; and (3) by inspecting evidence in the possession of the

Crescent City Police Department.

With regard to the X-rays, the Court notes that plaintiff's counsel have obtained a copy of the X-rays from the coroner's office, and plaintiff does not seek to exclude the X-rays from evidence. The parties dispute whether counsel agreed to inform each other if either side located the X-rays. Even if defendants violated such an agreement, however, that violation is not a basis for discovery sanctions. Defendants have also submitted declarations and exhibits showing that plaintiff was on notice that the X-rays were presumptively in the possession of the coroner since as early as August 19, 2005, and again in June and August of 2006 when defendants subpoenaed records from the coroner's office.[1] Rule 26(e)(1) requires a party to supplement its original disclosures or discovery responses "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." While the better course may have been for defendants to supplement their discovery responses once they received a copy of the x-rays, the Court finds that defendants did not violate Rule 26 because plaintiff was on notice of the existence of the x-rays.

With regard to the "powder pattern versus distance test results," defendants have submitted a copy of their September 8, 2006 supplemental disclosure, in which defendants disclosed their possession of the test targets. Plaintiff's motion does not mention this September 8, 2006 disclosure. According to defendants, plaintiff has never requested a copy of the test targets. The Court finds that defendants complied with their Rule 26 obligations with regard to the test targets by disclosing them in the September 8, 2006 disclosure.

Finally, plaintiff contends that defendants acted improperly by examining evidence in the possession of the Crescent City Police Department after the discovery cut-off and without a subpoena. Plaintiff issued a subpoena and examined some of the same evidence – the decedent's bicycle – and the inspection took place at the police station. Plaintiff did not seek to inspect the remainder of the evidence in the possession of the police department, such as the decedent's clothing and personal effects. Plaintiff does not assert that counsel was unaware that this other evidence was at the police station.

---

[1] Plaintiff's counsel state that they did not receive a copy of the August 2006 subpoena. However, defendants have submitted a copy of the proof of service showing that the subpoena was served on both Mr. Pankopf and Ms. Beatificato. In light of this proof of service, the Court cannot conclude that there was any wrongdoing on the part of defendants with regard to the subpoena.

Plaintiff asserts that Rule 45 subpoenas are the "only discovery method by which information may be obtained directly from a nonparty." Plaintiff does not cite any authority for this proposition. The one case cited by plaintiff, *Marvin Lumber & Cedar Company v. PPG Industries, Inc.*, 177 F.R.D. 443 (D. Minn. 1997), simply holds that Rule 45 subpoenas are encompassed within the definition of "discovery," and thus are subject to the same time constraints as all other formal discovery. However, plaintiff has not cited any authority that would prohibit defendants from inspecting evidence in the possession of a non-party who voluntarily agrees to make the evidence available for inspection without a subpoena. *Cf. Los Angeles News Serv. v. CBS Broadcasting*, 305 F.3d 924, 933-34 (9th Cir. 2002), *amended at* 313 F.3d 1093 (9th Cir. 2002).[2]

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for sanctions. (Docket No. 86).

**IT IS SO ORDERED.**

Dated:   May 10, 2007

_____
SUSAN ILLSTON
United States District Judge

---

[2] Indeed, nothing prohibits plaintiff from seeking to inspect the same evidence.

3