IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, individually and as the successor in interest to the Estate of JOHN JOSEPH WAYNE WATKINS,<br><br>        Plaintiff,<br><br>  v.<br><br>LARRY DEPEE and THE STATE OF CALIFORNIA,<br><br>        Defendants.<br>_____/ | No. C 05-1143 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On May 15, 2007, the Court held a final pretrial conference in the above captioned matter, which was set for jury trial beginning May 29, 2007. All parties were represented by counsel. The following matters were resolved:

1. **Date of trial:** At the pretrial conference one of plaintiff's lawyers, Ms. Beatificato, informed the Court that she is currently in a trial in Southern California and does not expect it to be completed in time to try this action. The next day Ms. Beatificato filed a letter-brief, requesting a continuance.[1] Defendant opposes the motion, on the basis that Ms. Beatificato has not been diligent in her request or fully candid in her explanations. The Court is likewise uneasy about the way these matters have been handled. However, in order to avoid prejudice to the litigants themselves, Ms. Beatificato's request will be granted. **The trial is continued to Tuesday, July 24, 2007, at 8:30 a.m.**[2]

---

[1] Ms. Beatificato requests a two-week continuance. Based on her description of the status of the ongoing Southern California trial at the pretrial conference, that would not be long enough.

[2] This new date appears to accommodate most of the scheduling issues mentioned by defendants in their letter brief.

The question of sanctions, raised by defendants, will be deferred until the time of trial.

2. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

4. **Jury instructions**: Counsel have submitted various proposed jury instructions, with little substantive agreement. The Court will conduct an instruction conference with counsel prior to finalizing instructions.

5. **Trial exhibits**: No later than the Friday before the week trial begins (July 20, 2007), the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court. Tangible exhibits shall be presented to the courtroom deputy separately.

6. **Bifurcation of liability and damages:** Plaintiff has moved to bifurcate the liability phase from the damages phase of the trial, contending that much of the evidence which will be relevant to damages (decedent's prior criminal history and mental health history) would be irrelevant to liability and highly prejudicial. Having reviewed both the proposed evidence and the legal issues involved, the Court agrees: the evidence in question is highly prejudicial and is either completely irrelevant to or highly marginal to liability; thus, bifurcation will assist in the fair trial of this matter. Defendants oppose the motion, asserting that some witnesses have evidence on both liability and damages, such that bifurcation will cause delay and duplication. However, based on the witness lists presented, only a handful of witnesses have testimony about both liability and damages. Further, should the jury find

against plaintiff on liability, the time needed for the dozens of damage witnesses would be saved. Defendants also argue that should the trial be bifurcated, that plaintiff (decedent's mother) not be allowed to testify during the liability phase, and should not testify until the damage phase. The Court agrees that plaintiff's only relevant testimony will related to damages.

7. **Timing and scheduling of trial**: The parties originally estimated that the trial should take approximately 15 days. Reviewing the parties' witness lists, it appears that 14 proposed witnesses are named by both sides; 9 additional witnesses are named by plaintiff and 41 additional witnesses are named by defendants. Based on the parties' description of their anticipated testimony there is much repetition and duplication in the proposed testimony. In addition, testimony by a substantial number of the proposed witnesses may be shortened or eliminated based on the Court's rulings on various motions in limine. The Court therefore determines that the trial should take no more than 11 days total, and estimates that the liability phase should take approximately 7 days and the damages phase 4 days. Based on these estimates, each side will have the following time allocations: For the liability phase: 45 minutes each for opening statement; 15 hours total each for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument; for the damages phase, each side shall have 15 minutes for opening statements, 7 hours total for presentation of evidence and 45 minutes for closing argument.

Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

8. **Motions in limine**: The parties filed 17 motions in limine, as follows:

**Plaintiff's motions:**

a) Plaintiff's motion to exclude opinion testimony from Jared Zwickey and Jim Norris: Plaintiff contends that the anticipated testimony by these witnesses is beyond the scope of their expertise. DENIED without prejudice to renewal at trial after voir dire of the expert witnesses.

3

1      b) <u>Plaintiff's motion to exclude opinion testimony from Richard T. Mason, M.D.</u>: Plaintiff seeks to exclude testimony concerning decedent's life expectancy, contending it is beyond the scope of this witness's expertise. DENIED without prejudice to renewal at trial after voir dire of the expert witness.

     c) <u>Plaintiff's motion to exclude evidence of John Watkins' psychiatric records</u>: DENIED as to the damages phase of trial. GRANTED as to the liability phase, absent a specific showing that decedent's psychiatric history is causally related to his conduct on the evening in question.

     d) <u>Plaintiff's motion to exclude evidence of [decedent's] prior arrests or convictions</u>: DENIED as to the damage phase of the trial. GRANTED as to the liability phase, absent a specific showing that decedent's prior arrest/conviction record is causally related to his conduct on the evening in question and is more probative than prejudicial. FRE 403. On this record, the Court does not find that the prior arrests or convictions reflect admissible "habit" evidence, and since defendant Depee was in uniform and driving a marked patrol car, the probative value of decedent's prior familiarity with police officers is minimal

     e) <u>Plaintiff's motion to exclude evidence regarding familial relationship</u>: Plaintiff is the mother-in-law of one of plaintiff's lawyers. In general, this is not relevant to the facts of the case and the motion is GRANTED as to the liability phase of trial. However, plaintiff's testimony at deposition on this point was less than candid and may reflect on her credibility. Thus this motion is DENIED as to the damages phase of trial, when plaintiff will testify.

     f) <u>Plaintiff's motion to exclude evidence regarding decedent's tattoos</u>: Various tattoos are visible in decedent's autopsy photos and plaintiff believes they may be prejudicial. Defendant does not object to "redacting" the tattoos from the photos if it can be done in such a way as not to interfere with the clarity and effectiveness of the photos for evidentiary purposes. The Court agrees and so ORDERS.

     g) <u>Plaintiff's motion to exclude evidence of plaintiff's medical and psychiatric records</u>: GRANTED as to the liability phase. DENIED as to the damages phase, since plaintiff's health will impact proof of damages for wrongful death (length of anticipated care, society, comfort, etc.).

     h) <u>Plaintiff's motion to preclude testimony of John S. MacGregor, M.D.</u>: Dr. MacGregor is a cardiologist with opinions about plaintiff's health problems. GRANTED as to the liability phase. DENIED as to the damages phase, since plaintiff's health will impact proof of damages for wrongful

4

death (length of anticipated care, society, comfort, etc.).

i) <u>Plaintiff's motion to preclude testimony of Bruce Victor, M.D. about plaintiff</u>: Dr. Victor is a psychiatrist with opinions about plaintiff's mental health problems. GRANTED as to the liability phase.  DENIED as to the damages phase, since plaintiff's health will impact proof of damages for wrongful death (length of anticipated care, society, comfort, etc.).  This motion was not directed to Dr. Victor's opinions about decedent, and this ruling does not affect that portion of Dr. Victor's testimony.

j) <u>Plaintiff's motion to exclude evidence of prior contacts with decedent by any witness</u>: This motion is directed to prior law enforcement contacts between decedent and potential witnesses, and is based on the same factors as plaintiff's motion to exclude evidence of [decedent's] prior arrests or convictions.  Like that motion, this one is  DENIED as to the damages phase of the trial but GRANTED as to the liability phase, absent a specific showing that decedent's prior "contact" is causally related to his conduct on the evening in question and is more probative than prejudicial.  FRE 403.

**Defendants' motions:**

a) <u>Defendants' motion to exclude evidence of racial animus or motivation</u>: GRANTED.

b) <u>Defendants' motion to exclude irrelevant and prejudicial evidence of damages</u>: Defendants seek to exclude "evidence of plaintiff's grief or sorrow" at her son's death, evidence of her own poverty and evidence of decedent's pain and suffering prior to death.  Neither plaintiff's grief nor her poverty will constitute elements of damage and the jury will be so instructed.  It is impractical, however, to exclude evidence of her grief or of the pain caused by a bullet wound.  Accordingly, this motion is DENIED subject to appropriate limiting instructions at trial.

c) <u>Defendants' motion to exclude evidence of inadequate supervision and training</u>: Plaintiff's claims for negligent supervision and training have been eliminated from this action and plaintiff's police practices expert, Roger Clark, may not testify on these issues; to that extent the motion is GRANTED. However, Clark may testify concerning the scope of the investigation of the shooting to the extent it is otherwise relevant to his testimony.

d) <u>Defendants' motion to exclude enhanced DVD of scene walk-through of December 10, 2003</u>: The parties agreed at the pretrial conference to use the original, rather than an enhanced, version of the

videotape made during the walkthrough. In the event the audio portion is unclear, the Court will allow the jurors to read a transcript of the words on the tape while the tape is played, provided that the parties have a transcript prepared and agree on its accuracy.

e) <u>Defendants' motion to exclude police press releases and any other evidence of alleged conspiracies and coverups and poor law enforcement investigation</u>: Plaintiff's claims that defendant conspired with others to falsify, distort or "cover up" the shooting have been dismissed; to that extent this motion is GRANTED and the parties are directed not to refer to conspiracies or cover-ups in their statements, questioning or argument. However, the motion is DENIED as to press releases issued by defendant or his department concerning the shooting, without prejudice specific objections at trial.

f) <u>Defendants' motion to exclude opinion testimony that CHP Officer Larry Depee has made inconsistent statements which cast doubt on his credibility</u>: No experts will be allowed to testify that Officer Depee is not "credible" or not "truthful"; that is a matter for the jury's determination. Witnesses may, however, if it is otherwise relevant to their testimony, refer to various statements made about the incident, including inconsistent ones. GRANTED in part, DENIED in part.

g) <u>Defendants' motion to exclude opinion testimony of Robert Lillywhite outside the scope of his expertise</u>: Defendants seek to exclude Lillywhite's opinion testimony concerning (1) physical injuries sustained by decedent as a result of the alleged collision with Officer Depee; and (2) whether Depee's use of his patrol car constituted excessive force. The motion is GRANTED as to the excessive force opinion; and is DENIED without prejudice to objection at time of trial, after voir dire of the expert, concerning the physical injuries.

**IT IS SO ORDERED.**

Dated: May 18, 2007

_____
SUSAN ILLSTON
United States District Judge