United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, et al., | No. C 05-1143 SI |
| Plaintiffs, | **ORDER RE: PARTIES' PRETRIAL FILINGS** |
| v. | |
| LARRY DEPEE, et al., | |
| Defendants. | |

The parties have submitted letter briefs regarding several outstanding pretrial matters.[1] First, defendants request that the Court issue a ruling on defendants' request for sanctions related to plaintiffs' continuance of the trial. The Court finds it unnecessary to rule on defendants' sanctions request in advance of trial. Pursuant to Civil Local Rule 7-1(b), the Court takes the matter under submission, and the Court will notify the parties if further argument or briefing is necessary.

Second, defendants request a written ruling on the standard of culpability applicable to plaintiff's § 1983 substantive due process claim. The Court previously held that the applicable standard was one of deliberate indifference, and that accepting plaintiff's version of events as true, summary judgment in favor of defendant Depee was not appropriate. The Court has reexamined the question, and finds that while the case law does not clearly answer this question, the Court is inclined to agree with defendants that to prevail on her claim, plaintiff must show that defendant Depee acted with a purpose to cause harm to decedent unrelated to a law enforcement objective which was "shocking to the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Moreland v. Las Vegas Metro. Police Dep't*, 159

---

[1] The letter briefs are found at Docket Nos. 150, 151 and 155.

F.3d 365 (9th Cir. 1998). However, the application of this higher standard does not change the outcome of the Court's summary judgment order because there is a dispute of fact concerning defendant Depee's actions. Under plaintiff's version of events, Depee shot Watkins while he was crouched down in a defensive posture; if a jury believed plaintiff's version, a jury could find that defendant's actions were unrelated to a law enforcement objective and shocked the conscience. The parties are instructed to fashion jury instructions which reflect the "shocks the conscience" standard.

Third, defendants have made an offer of proof in an effort to show that decedent's psychiatric history is causally related to decedent's conduct on the night in question. On July 13, 2007, defendants also filed a Supplemental Rule 26 Report of their expert, Dr. Victor. Based on defendant's offer of proof, the precise scope and substance of Dr. Victor's testimony remains unclear. The Court's tentative view is that some of Dr. Victor's proposed testimony – such as testimony that decedent was not on his medication on the night in question, and testimony regarding the type of behavior that would be expected under those circumstances – might be relevant in the liability phase. To the extent defendants wish to have Dr. Victor testify about decedent's lengthy psychiatric and criminal history, however, the Court continues to have concerns on both relevance and Rule 403 grounds.

Prior to making any decision on whether Dr. Victor should be permitted to testify during the liability phase, the Court finds that a further offer of proof through Dr. Victor is necessary. Accordingly, the Court schedules a hearing for **July 23, 2007 at 2:00 p.m.** Dr. Victor should be prepared at that time summarize his proposed testimony, and plaintiffs' counsel shall have the opportunity to conduct a limited cross-examination of Dr. Victor. If any party has a conflict with the July 23, 2007 hearing, they shall promptly notify the Court's clerk, Ms. Sutton.

**IT IS SO ORDERED.**

Dated: July 13, 2007

SUSAN ILLSTON
United States District Judge

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California