IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


SYLVIA MAHACH-WATKINS, et al.,          No. C 05-1143 SI

        Plaintiffs,

  v.

LARRY DEPEE, et al.,

        Defendants.

_____/


**INSTRUCTIONS TO JURY**


**(DRAFT)**

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the trial, I explained to you that certain evidence was admitted for a limited purpose. You may consider such evidence only for the limited purpose for which it was admitted, and not for any other purpose.

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## SUMMARY OF CONTENTIONS

Plaintiff Sylvia Mahach-Watkins is the mother of decedent John Watkins.

Plaintiff brings three claims in this lawsuit. Each claim is governed by its own elements and legal standards, and each of these three claims is to be decided by you independently of the other claims. Plaintiff has the burden of proof on each claim by a preponderance of the evidence.

The plaintiff brings two claims under the federal statute, 42 U.S.C. Section 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. The two Section 1983 claims for violation of federal civil rights are the following:

(1)     A claim on behalf of the decedent, John Watkins, for violation of John Watkins' Fourth Amendment constitutional right to be free from an unreasonable seizure; and

(2)     A claim on plaintiff's own behalf for violation of her Fourteenth Amendment liberty interest in the companionship of the decedent, John Watkins.

The plaintiff's third claim is a wrongful death claim under state law on her own behalf, contending that defendant Larry Depee committed an actionable battery against the decedent, John Watkins.

Defendants deny all of these claims and contend that all of the actions of defendant Larry Depee were proper and legally justifiable.


I will now explain the rules which apply to your decision on each of these claims.

[Def's No. 2, 36, 37; Plaintiffs' No. A, J]

**CLAIM 1:  SECTION 1983 CLAIM ON BEHALF OF DECEDENT JOHN WATKINS, FOR FOURTH AMENDMENT VIOLATION –  ELEMENTS AND BURDEN OF PROOF**

In order to prevail on the Section 1983 claims against defendant Larry Depee brought on behalf of decedent John Watkins, plaintiff Sylvia Mahach-Watkins must prove each of the following elements by a preponderance of the evidence:

1.	the defendant acted under color of law; and

2.	the acts of the defendant deprived decedent John Watkins of his Fourth Amendment right to be free from unreasonable search and seizure under the United States Constitution, as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of law.]

If you find the plaintiff has proved each of the elements she is required to prove under these instructions, your verdict should be for the plaintiff on this claim.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

[9th Cir. Model Ins. 9.2; Defendants' No. 38]

## RULES CONCERNING UNREASONABLE SEIZURE OF PERSON WHEN DEADLY FORCE IS USED

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses deadly force without having probable cause to believe the person poses an imminent threat of death or serious bodily injury to the officer or to others.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer did not have probable cause to believe John Watkins posed an imminent threat of death or serious bodily injury to the officer or to others.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury.

A police officer has "probable cause" when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the decedent poses an imminent threat of death or serious bodily injury to the officer or to others.

If feasible under the circumstances, the officer is required to give some warning before using deadly force.

In determining whether the defendant had probable cause to use deadly force, consider all of the circumstances known to the officer at the time, including:

1.      the severity of the crime or other circumstances to which the officer was responding;

2.      whether John Watkins posed an immediate threat to the safety of the officer or to others;

3.      whether John Watkins was actively resisting arrest or attempting to evade arrest by flight;

4.      the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

5.      the availability of alternative methods to subdue John Watkins.

[9[th] Circuit model inst. 9.23, with addition of sentence regarding giving warning when feasible; compare Def's No. 40 & 42; Plaintiff's N & CC]

## OBJECTIVE REASONABLENESS STANDARD

In order to recover, plaintiff must demonstrate that Officer Depee used unreasonable force. In making your determination about whether Officer Depee used reasonable or unreasonable force, you must use an "objective" standard.  You must evaluate the conduct of the officer from the perspective of what a reasonable police officer would do at the time of the confrontation or encounter, under the totality of facts and circumstances which are shown by the evidence.  In making this determination, you should consider only those facts known to the officer at the time of the shooting.  In applying the test of "objective reasonableness," you must ignore the subjective intent and motivations of the defendant police officer.

A police officer is not necessarily required to take the least intrusive alternative.  The law only requires that the officer act as a reasonable police officer would act under the same circumstances.  This does not mean that an officer may ignore alternatives.  It means that in deciding whether the officer acted reasonably, you must consider any alternatives that a reasonable police officer would have considered at the time when Officer Depee confronted or encountered John Watkins.


**[Language from *Tennessee v. Garner* & *Graham v. Connor*, and consistent with *Billington v. Smith*, 292 F.3d 1177 (9th Cir. 2003).]**

[compare Defendants' proposed No. 41 & 45; Plaintiffs' No. R]

**CLAIM 2:  SECTION 1983 CLAIM ON BEHALF OF PLAINTIFF SYLVIA MAHACH-WATKINS, FOR FOURTEENTH AMENDMENT LIBERTY INTEREST VIOLATION – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on the Section 1983 claims against defendant Larry Depee brought on behalf of plaintiff Sylvia Mahach-Watkins for Fourteenth Amendment/substantive due process violations, plaintiff  must prove each of the following elements by a preponderance of the evidence:

    1.    the defendant acted under color of law; and

    2.    the acts of the defendant deprived plaintiff Sylvia Mahach-Watkins of her Fourteenth Amendment liberty interest in the companionship of her son, decedent John Watkins,  as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated] [I instruct you] that the defendant acted under color of law.]

If you find the plaintiff has proved each of the elements she is required to prove under these instructions, your verdict should be for the plaintiff on this claim.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on this claim.

[9[th] Cir. Model Ins. 9.2; Defendants' No. 38]

**RULES CONCERNING FOURTEENTH AMENDMENT LIBERTY INTEREST STANDARDS**

Plaintiff claims a violation of her Fourteenth Amendment liberty interest in the companionship of the decedent, John Watkins. In order to prevail on this claim, plaintiff must prove that defendant Larry Depee acted in a manner which shocks the conscience; that is, that Larry Depee acted with a purpose to cause John Watkins' death unrelated to the legitimate law enforcement purposes of taking him into custody, self-defense, or the defense of others.

In determining whether defendant Larry Depee acted with a purpose to cause John Watkins' death unrelated to a legitimate law enforcement purpose, you are instructed that taking him into custody, arresting him, self-defense, and the defense of others are legitimate law enforcement purposes.

[Def's No. 43; Plaintiff's No. Q]

## CLAIM 3:  BATTERY – STATE LAW WRONGFUL DEATH CLAIM

The plaintiff in this case also brings a wrongful death claim under state law.  The plaintiff claims that defendant Larry Depee wrongfully caused the death of John Watkins by committing a battery against him.

To establish this claim, the plaintiff must prove all of the following:

1.      That Larry Depee intentionally shot John Watkins;

2.      That Larry Depee used unreasonable force to arrest, prevent the escape of, or overcome the resistance of John Watkins;

3.      That John Watkins did not consent to the use of that force;

4.      That John Watkins was killed; and

5.      That Larry Depee's use of unreasonable force was a substantial factor in causing John Watkins' death.

A California Highway Patrol Officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that the person has committed a crime.  Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist an officer unless he is using unreasonable force.

In deciding whether Larry Depee used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Larry Depee's position under the same or similar circumstances.  You should consider, among other factors, the following:

1.      The seriousness of the crime at issue;

2.      Whether John Watkins reasonably appeared to pose an immediate threat to the safety of Larry Depee or others; and

3.      Whether John Watkins was actively resisting arrest or attempting to evade arrest.

A California Highway Patrol Officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.


[CACI 1305; Def's No. 48, Plaintiffs' No. S]

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

.