United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, individually and as the successor in interest to the Estate of JOHN JOSEPH WAYNE WATKINS,<br><br>        Plaintiff,<br>   v.<br><br>LARRY DEPEE and THE STATE OF CALIFORNIA,<br><br>        Defendants.                 / | No. C 05-1143 SI<br><br>**ADVICE TO COUNSEL RE: DAMAGE INSTRUCTIONS – DRAFT** |

    A draft of the damage instructions to be given to the jury is attached.

    At the instruction conference, the Court discussed with the parties the scope of damages available under plaintiff's Section 1983 claim. That claim, brought by Sylvia Mahach-Watkins as the successor in interest to the estate of her son, John Watkins, seeks to recover for defendant's violation of Watkins' Fourth Amendment rights. The Court has preliminarily determined that the measure of damages for the Section 1983 claim is, effectively, the same as the measure of damages for the wrongful death claim brought by plaintiff on her own behalf; the Court therefore plans to provide one general damage instruction.

    The Ninth Circuit has not addressed the question of what damages are available under a Section 1983 excessive force/wrongful death claim. This Court agrees with the reasoning of Judge Chesney in *Wilkins v. City of Oakland*, C 01-1402 MMC. In that case, Judge Chesney held that in excessive force cases resulting in death, limiting the damages to those contained in the California survival statute would essentially limit damages to punitive damages, and would be inconsistent with the deterrence policy underlying Section 1983. In such cases, Judge Chesney held, the proper remedy is to allow for the recovery of the types of damages available under both the California survival and wrongful death

statutes. These statutes do not authorize the recovery of pain and suffering damages, nor do they permit recovery of damages related to the decedent's loss of enjoyment of life.

In this case, plaintiff is already seeking wrongful death damages under the state law claim. Accordingly, the Court intends to give one instruction on the damages available under the Section 1983 and the state law wrongful death claim.

Plaintiff also seeks recovery for, *inter alia*, the loss of enjoyment of life and the pain and suffering experienced by Watkins prior to his death. Based on the analysis outlined above, such damages are not available.

**IT IS SO ORDERED.**

Dated: August 8, 2007

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVIA MAHACH-WATKINS,

        Plaintiff,

  v.

LARRY DEPEE AND THE STATE OF CALIFORNIA,

        Defendants.

                No. C 05-1143 SI

**INSTRUCTIONS TO JURY**

1

## **DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys concerning damages, it is my duty to instruct you on the law which applies to damages in this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

The instructions previously read to you still apply. Again, it is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest any view on the jury's damages verdict.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. In calculating damages, you must not consider, or include as part of your award, attorney fees or expenses the plaintiff incurred in bringing this lawsuit. These matters will be decided later by the court.

## CONSIDERATIONS RELATING TO DAMAGES

You must decide how much money, if any, will reasonably compensate the plaintiff Sylvia Mahach-Watkins for the death of John Watkins. This compensation is called "damages."

The plaintiff does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by the plaintiff fall into two categories called economic damages and non-economic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiff Sylvia Mahach-Watkins claims the following economic damages:

1. The financial support, if any, that John Watkins would have contributed to the family during either the life expectancy that John Watkins had before his death or the life expectancy of Sylvia Mahach-Watkins, whichever is shorter; and

2. The loss of gifts or benefits that the plaintiff would have expected to receive from John Watkins.

3

Your award of any future economic damages must be reduced to present cash value, as explained in a later instruction.

Plaintiff Sylvia Mahach-Watkins also claims, as non-economic damages, the loss of John Watkins' love, companionship, comfort, care, assistance, protection, affection, society, and moral support. No fixed standard exists for deciding the amount of such non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. Your award for non-economic damages should not be reduced to present cash value.

In determining plaintiff Sylvia Mahach-Watkins' loss, do not consider:

1. The plaintiff's grief, sorrow, or mental anguish.
2. John Watkins' pain and suffering; or
3. The poverty or wealth of the plaintiff.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle and occupation. According to the National Center for Health Statistics, the average life expectancy of a 61 year-old female is 22.9 years, and the average life expectancy of a 40 year-old male is 37.3 years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

**DISCOUNTING ECONOMIC DAMAGES TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages. Non-economic damages, such as plaintiff's loss of John Watkins' love, companionship, comfort, care, assistance, protection, affection, society, and moral support, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received. A present value chart will be provided for your assistance.

4

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected by safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

**NOMINAL DAMAGES**

The law which applies to this case also authorizes an award of nominal damages. If you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

## PUNITIVE DAMAGES

You may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of providing that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant Depee's conduct was malicious, oppressive or in reckless disregard of decedent John Watkins' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the defendant acts in the face of a perceived risk that his actions will violate the decedent's safety or rights. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on decedent.

Punitive damages may not be awarded against defendant State of California. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.