IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, individually and as the successor in interest to the Estate of JOHN JOSEPH WAYNE WATKINS,<br><br>       Plaintiff,<br>  v.<br><br>LARRY DEPEE and THE STATE OF CALIFORNIA,<br><br>       Defendants.<br>_____/ | No. C 05-1143 SI<br><br>**ADVICE TO COUNSEL RE: DAMAGE INSTRUCTIONS** |

The final damages instructions are attached. After further consideration of the matter, the Court concludes that the damages available under the Section 1983 excessive force/wrongful death claim are those set forth in California's survival statute, Cal. Code Civ. Proc. § 377.34. *See generally Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1131-33 (E.D. Cal. 2002). California's survival statute does not allow recovery for the decedent's loss of enjoyment of life, or the decedent's pain and suffering, and thus the Court's Section 1983 instruction does not include those damages. Under the facts of this case, the available Section 1983 damages consist of nominal and punitive damages.

Accordingly, the Court has modified the draft instructions to provide separate instructions on the Section 1983 claim and the state wrongful death claim. The Court has also revised the instructions to clarify the availability of nominal damages under both claims.

**IT IS SO ORDERED.**

Dated: August 9, 2007

                                                                                                           SUSAN ILLSTON
                                                                                                          United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVIA MAHACH-WATKINS,

        Plaintiff,

  v.

LARRY DEPEE AND THE STATE OF CALIFORNIA,

        Defendants.

No. C 05-1143 SI

**INSTRUCTIONS TO JURY**

1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys concerning damages, it is my duty to instruct you on the law which applies to damages in this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

The instructions previously read to you still apply. Again, it is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest any view on the jury's damages verdict.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. In calculating damages, you must not consider, or include as part of your award, attorney fees or expenses the plaintiff incurred in bringing this lawsuit.

## SECTION 1983 DAMAGES FOR VIOLATION OF JOHN WATKINS' FOURTH AMENDMENT RIGHTS

You must award nominal damages of no more than one dollar on this claim, as set out in a later instruction. You may also award punitive damages if you find that such damages are appropriate. Punitive damages are explained in a separate instruction.

## COMPENSATORY STATE LAW WRONGFUL DEATH DAMAGES

You must decide how much money, if any, will reasonably compensate the plaintiff Sylvia Mahach-Watkins for the death of John Watkins. This compensation is called "damages."

The plaintiff does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

Plaintiff Sylvia Mahach-Watkins claims damages for the loss of John Watkins' love, companionship, comfort, care, assistance, protection, affection, society, and moral support. No fixed standard exists for deciding the amount of such damages.

You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining plaintiff Sylvia Mahach-Watkins' loss, do not consider:

1. The plaintiff's grief, sorrow, or mental anguish.
2. John Watkins' pain and suffering; or
3. The poverty or wealth of the plaintiff.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle and occupation. According to the National Center for Health Statistics, the average life expectancy of a 61 year-old female is 22.9 years, and the average life expectancy of a 40 year-old male is 37.3 years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

## NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages under federal or state law.

Under the Section 1983 claim, you must award nominal damages of no more than one dollar.

Under the state law wrongful death claim, if you find that the plaintiff has failed to prove compensatory damages as defined in these instructions, you may award nominal damages. Nominal damages may not exceed one dollar.

You may also consider the award of punitive damages as set out in the next instruction.

# PUNITIVE DAMAGES

You may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant Depee's conduct was malicious, oppressive or in reckless disregard of decedent John Watkins' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the decedent's rights if, under the circumstances, it reflects complete indifference to the decedent's safety or rights, or the defendant acts in the face of a perceived risk that his actions will violate the decedent's safety or rights. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the decedent.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on decedent.

Punitive damages may not be awarded against defendant State of California. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.