IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVIA MAHACH-WATKINS, Individually and as the Successor in Interest to the Estate of JOHN JOSEPH WAYNE WATKINS,

    Plaintiff,

v.

LARRY DEPEE, et al.,

    Defendants.

 /

No. C 05-1143 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL NEW TRIAL ON DAMAGES**

Plaintiff's motion for a partial new trial on damages is scheduled for a hearing on November 2, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion.

**LEGAL STANDARD**

Rule 59(a) states, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). The Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods*, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, courts are "bound by those grounds that have been historically recognized." *Id*. The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d

493, 510 n. 15 (9th Cir. 2000). The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam); *see Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (trial court has "wide judicial discretion" in considering new trial motion).

## DISCUSSION

Plaintiff sued defendants after California Highway Patrol Officer Larry Depee shot and killed her son John Watkins in the course of a late-night encounter in Crescent City, California. The three week jury trial was bifurcated. On liability, the jury returned a mixed verdict: the jury found that defendant Depee violated John's Fourth Amendment rights (42 U.S.C. § 1983) and caused a battery to John (state law wrongful death claim), but found against plaintiff on her own Fourteenth Amendment claim. In the damages phase, the jury awarded nominal damages of $1 on the § 1983 Fourth Amendment claim and $1 on the battery claim. The jury did not award punitive damages.

Plaintiff now moves for a partial new trial, as to damages only, on the following grounds: (1) that the Court improperly admitted evidence regarding John's mental health and criminal history during the damages phase; (2) that the damages verdict is against the clear weight of evidence; and (3) that the Court gave an allegedly erroneous damage instruction on the § 1983 Fourth Amendment claim. The Court finds that none of these asserted grounds warrants a new trial.

**1.    Evidence of John's mental health and criminal history**

During the damages phase, defendants put on evidence showing, *inter alia*, that John Watkins had schizophrenia and a history of substance abuse, and that he had a lengthy criminal history. The evidence also showed that plaintiff and her son had a troubled relationship, and that John had threatened or acted violently toward his mother and others in the past.

"A new trial is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal quotation and citation omitted). Here, evidence of John's mental health and criminal history was relevant to the nature

and degree of emotional comfort and companionship that plaintiff had received from her son.[1] *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993) (stating in § 1983 wrongful death case brought by mother that "[r]estricted to the issue of damages, the questions as to [decedent son's] use of drugs were proper, and the district court had discretion to admit them as probative and not unduly prejudicial.").

**2.    Damages verdict**

Plaintiff generally asserts that the damages verdict is not supported by the evidence, and that the nominal damages awarded constitute a miscarriage of justice. Plaintiff does not discuss any of the specific evidence adduced at trial, nor does plaintiff articulate how the damages award is contrary to the clear weight of the evidence.

The Court acknowledges the deep pain and loss that plaintiff has felt as a result of the death of her son. The Court is also sympathetic to plaintiff's argument that no individual's life is worth only one dollar. However, the Court cannot conclude that the damages award – which was for plaintiff's loss of John's care, comfort and companionship – is contrary to the clear weight of the evidence. Plaintiff was the only person to testify in support of her damages claim. Plaintiff testified, *inter alia*, that she and her son loved each other and had a close relationship. However, defendants painted a more complicated picture of the relationship; defendants' evidence showed that John had threatened plaintiff on several occasions, that plaintiff was afraid of him and periodically requested police assistance with him, that John had difficulty forming any meaningful relationships, and that John had a serious history of poorly-managed psychiatric instability. On this record, the Court cannot set aside the jury's damages verdict as against the weight of the evidence.[2]

---

[1] Such evidence was also relevant to plaintiff's claim for damages for the loss of John's financial support; plaintiff abandoned that claim on the last day of trial.

[2] To the extent plaintiff contends that as a matter of law nominal damages can never be awarded in a wrongful death case, the Court disagrees. *See, e.g.*, *Wilson v. City and County of San Francisco*, 106 Cal. App. 2d 440, 444 (1951) (stating that in wrongful death cases, "[c]ollateral heirs must prove their pecuniary loss or their recovery will be limited to nominal damages."); *see also Robison v. Leigh*, 153 Cal. App. 2d 730, 733-34 (1957) ("Four of the sisters had been completely out of touch with decedent for many years and we agree with appellant that their damages, if any, were purely nominal.").

3

**3.    42 U.S.C. § 1983 nominal damages jury instruction**

The jury was instructed that "[u]nder the Section 1983 claim, you must award nominal damages of no more than one dollar." As to the state law wrongful death claim, the jury was instructed that it could award compensatory damages for "loss of John Watkins' love, companionship, comfort, care, assistance, protection, affection, society, and moral support," as well as punitive damages.[3] The jury awarded $1 on each claim.

Plaintiff contends that the Section 1983 damages instruction was erroneous, and that the jury should have been instructed that it could also award compensatory damages under Section 1983. The parties submitted competing instructions regarding the damages available under plaintiff's Section 1983 claim on behalf of the decedent for a violation of the decedent's Fourth Amendment rights. Plaintiff sought recovery for, *inter alia*, the loss of enjoyment of life and the pain and suffering experienced by her son prior to his death. The Ninth Circuit has not addressed the question of what damages are available under a Section 1983 wrongful death claim. After consideration of the parties' briefing, the Court concluded that the damages available under the Section 1983 excessive force/wrongful death claim are those set forth in California's survival statute, Cal. Code Civ. Proc. § 377.34. *See generally Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1131-33 (E.D. Cal. 2002). California's survival statute does not allow recovery for the decedent's loss of enjoyment of life, or the decedent's pain and suffering, and thus the Court's Section 1983 instruction did not include those damages. The Court finds no error in the instruction that was given.

---

[3] The "Compensatory State Law Wrongful Death Damages" instruction stated, *inter alia*, that plaintiff,
> "claims damages for the loss of John Watkins' love, companionship, comfort, care, assistance, protection, affection, society, and moral support. No fixed standard exists for deciding the amount of such damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.
> In determining plaintiff Sylvia Mahach-Watkins' loss, do not consider:
> 1.    The plaintiff's grief, sorrow, or mental anguish.
> 2.    John Watkins' pain and suffering; or
> 3.    The poverty or wealth of the plaintiff."

4

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for a partial new trial. (Docket No. 202).

**IT IS SO ORDERED.**

Dated: October 31, 2007

SUSAN ILLSTON
United States District Judge