IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, Individually and as the Successor in Interest to the Estate of JOHN JOSEPH WAYNE WATKINS,<br><br>Plaintiff,<br><br>v.<br><br>LARRY DEPEE, et al.,<br><br>Defendants. | No. C 05-1143 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES; ORDER RE: PLAINTIFF'S BILL OF COSTS** |

Plaintiff has filed a motion for attorneys' fees, and the parties have each filed a bill of costs and objections to the other side's cost bill. For the reasons set forth below, the Court GRANTS in part plaintiff's motion and awards $136,687.35 in fees, directs the Clerk to tax costs in favor of plaintiff, DENIES defendant's bill of costs, and directs plaintiff to file a renewed motion for non-taxable costs after the Clerk taxes costs.

**DISCUSSION**

Plaintiff sued defendants after California Highway Patrol Officer Larry Depee shot and killed her son John Watkins in the course of a late-night encounter in Crescent City, California. The three week jury trial was bifurcated. On liability, the jury returned a mixed verdict: the jury found that defendant Depee violated John's Fourth Amendment rights (42 U.S.C. § 1983) and caused a battery to John (state law wrongful death claim), but found against plaintiff on her own Fourteenth Amendment claim. In the damages phase, the jury awarded nominal damages of $1 on the § 1983 Fourth Amendment claim and $1 on the battery claim. The jury did not award punitive damages. On August

15, 2007, the Court entered judgment in favor of plaintiff and against defendants. Now before the Court are plaintiff's motion for attorneys' fees and costs, and both parties' Rule 54(d) bill of costs.

**I. Plaintiff's motion for attorneys' fees**

**A. Entitlement to fees**

Plaintiff seeks a total of $686,796.74 in attorney's fees and $117,654.68 in costs (less the costs covered by plaintiff's bill of costs, discussed *infra*). The parties dispute both plaintiff's entitlement to fees, and the reasonableness of the amounts sought. With regard to entitlement, defendants contend that because plaintiff recovered only nominal damages, and prevailed on only two of the three claims at trial (and two of the original sixteen alleged), plaintiff should not recover any fees. Plaintiff responds that she is entitled to fees because of the significance of the legal issue upon which she prevailed, the public purpose served by this litigation, and the deterrent effect of this case.

The parties agree that in a nominal damages case, the Court has discretion to award attorneys' fees if the plaintiff can show "some way in which the litigation succeeded, in addition to obtaining a judgment for nominal damages." *Benton v. Oregon Student Assistance Comm'n*, 421 F.3d 901, 905 (9th Cir. 2005) (*quoting Wilcox v. City of Reno*, 42 F.3d 550, 553 (9th Cir. 1994)). "If the lawsuit achieved other tangible results – such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects – such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees.'" *Wilcox*, 42 F.3d at 555. Other factors supporting a fee award include "'the significance of the legal issue on which the plaintiff claims to have prevailed' and whether the success 'accomplished some public goal. . . .'" *Benton*, 421 F.3d at 905-06 (*quoting Farrar v. Hobby*, 506 U.S. 103, 121 (1992)).

Here, the Court finds that several factors weigh in favor of an award of fees, although not in the amount sought by plaintiff. The Court agrees with plaintiff that by its very nature, a wrongful death case involves significant legal issues, serves a public purpose, and affirms important rights, regardless of the amount of damages recovered. The Court finds unavailing defendants' reliance on *Benton* and *Romberg v. Nichols*, 48 F.3d 453 (9th Cir. 1994). In *Benton*, the plaintiff was a college professor who held a degree from Bob Jones University, an unaccredited university emphasizing conservative values. The

2

plaintiff brought a § 1983 action against numerous defendants after the Oregon Office of Degree Authorization decreed that she should be fired from her position at the college because her degree was "illegal." The plaintiff alleged claims for violation of her federal and state constitutional rights to free speech, free exercise of religion, due process and equal protection. After a bench trial, the district court found that one defendant, Contreras, had violated the plaintiff's constitutional rights, awarded the plaintiff nominal damages, and awarded attorneys' fees and costs. The Ninth Circuit reversed the fee award, noting that prior to the district court's finding of a constitutional violation, there were legislative and administrative changes that addressed the violations at issue, and thus "the record in this case does not support the district court's conclusion that its finding of a constitutional violation under the former version of the statute will in any way guide defendant Contreras' future conduct." 421 F.3d 907-08. The Ninth Circuit also found that the fee award was not supported because there were no tangible results aside from the nominal damages award. *Id*. at 908.

In *Romberg*, the plaintiffs were tenants who alleged that their Fourth Amendment rights had been violated by a warrantless search of their apartment. The Ninth Circuit reversed the district court's fee award, noting that although the plaintiffs had requested $2 million in damages, they were only awarded nominal damages. The court further noted that the plaintiffs had not identified any non-monetary successes resulting from their litigation. 48 F.3d at 455.

Without in any way diminishing the importance of the constitutional rights vindicated in *Benton* and *Romberg*, the Court agrees with plaintiff that the constitutional rights at stake in a wrongful death case are of a different magnitude than those at issue in non-death cases, and that cases such as the instant one present questions of vital importance to the public. The Court also finds that, in addition to obtaining nominal damages, plaintiff achieved other "tangible results" in that the jury's verdict will likely deter defendant Depee from engaging in future unconstitutional conduct. *See Benton*, 421 F.3d at 907-08. Because of the significance of the legal issues and the deterrent effect of this case, the Court rejects defendants' contention that fees should be denied due to the discrepancy between the damages sought and the damages awarded. As discussed below, however, the Court finds that the fees should be significantly reduced in light of plaintiff's limited success.

**B.     Amount of fees**

Plaintiff seeks an award of $686,796.74 in attorneys fees and $117,654.68 in costs. Defendants raise a number of objections to the amount of fees sought. In general, the Court finds that plaintiff's attorneys have submitted adequate billing records and that they have supported the hourly rates sought. However, the Court agrees with defendants that the following deductions should be made from the lodestar: (1) an erroneous entry of $2,100 for Mr. Pankopf for travel to and attendance at the court hearing on defendants' motion to dismiss/strike held on July 8, 2005[1]; and (2) time spent on media contacts ($1,160), *see Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995). The Court rejects defendants' general assertion that plaintiff's counsel should not be compensated for "duplicative" work, such as when both counsel attended hearings or depositions. It is reasonable for both attorneys to attend important proceedings, particularly in a complicated and risky civil rights case such as this. Moreover, the Court notes that defendants were represented by multiple lawyers from the Attorney General's Office.

Defendants also contend that the Court should drastically reduce the fee request on the ground that many of plaintiff's claims were ultimately unsuccessful. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees" under § 1988." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Courts may, in their discretion, reduce a fee award to reflect limited success, such as when a plaintiff only prevails on some claims, or only against one of several defendants. *See Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (district court did not abuse discretion by reducing fees when plaintiff did not prevail on majority of original claims); *see also Webb v. Sloan*, 330 F.3d 1158, 1169-70 (9th Cir. 2003) (discretionary reduction was appropriate where plaintiff only prevailed against one of several defendants).

The Court finds it appropriate to reduce plaintiff's lodestar by 80% ($546,749.39) to account for plaintiff's limited success, for a total of $136,687.35 in fees. The original complaint was brought on behalf of Sylvia Mahach-Watkins, individually and on behalf of the Estate of John Watkins, and Patricia Ann Watkins. After defendants removed this case and filed a motion to dismiss, plaintiff amended the

---

[1] Plaintiff concedes that this entry was erroneous.

4

complaint and dropped Ms. Watkins as a plaintiff in response to defendants' argument that she had no standing, and dropped the State of California as a defendant in several claims in response to defendants' argument that the State could not be sued under 42 U.S.C. §§ 1983, 1985 and 1986. Defendants then successfully moved to dismiss a number of claims alleged in the amended complaint. Following discovery, the Court granted a substantial portion of defendants' motion for summary judgment. Finally, at trial, plaintiff prevailed on two of the three remaining claims, and the jury awarded nominal damages. Under these circumstances, the Court finds it appropriate to significantly reduce the fees sought. "[T]he relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440; *see also Harris v. Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1994) (affirming district court's 50% reduction of attorneys' fees in civil rights case based on plaintiff's partial success).

## II. Costs

Plaintiff seeks $117,654.68 in taxable and non-taxable costs pursuant to § 1988 and Federal Rule of Civil Procedure 54(d).

### A. Taxable costs

Plaintiff and defendant Depee have each submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54(d), and each side has filed objections to the other's cost bill. Plaintiff contends that she is the prevailing party, and that defendant Depee is not entitled to recover any costs. Defendants assert that because plaintiff only prevailed on two of the three claims at trial, she could only recover 66.66% of her costs, and that defendant Depee should recover 33.33% of his costs.

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The Court has discretion to award costs. *See Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003). Here, for the reasons stated *supra*, the Court finds that plaintiff prevailed in this action, and she is entitled to recover her taxable costs. The Court finds that defendant Depee is not a prevailing party, and thus he is not entitled to recover any costs. The Clerk shall tax allowable costs in favor of plaintiff.

5

**B.     Additional costs under § 1988**

Plaintiff has included the taxable costs in its motion for attorneys' fees and costs under § 1988, and requests that the Court deduct the costs taxed by the Clerk from its § 1988 award. Plaintiff has not identified which costs would be deducted, and it is not the Court's job to comb through plaintiff's voluminous filings and compare the two costs submissions. The Court finds that most efficient course is as follows: after the Clerk has taxed costs, plaintiffs may file a renewed motion for costs under § 1988, with a supporting declaration. That renewed motion shall only seek to recover non-taxable costs, and shall not seek to recover expert fees, *see Jenkins by Jenkins v. State of Missouri*, 158 F.3d 980, 983 (8th Cir. 1998), or costs for general office supplies. Within 7 days of plaintiff's renewed cost motion, defendant may file an objection to any specific costs sought therein. The Court will then take the matter under submission.

**CONCLUSION**

The Court GRANTS in part plaintiff's motion for attorneys' fees, and awards $136,687.35 in fees. (Docket No. 218). The Court directs the Clerk to review plaintiff's bill of costs and tax costs in favor of plaintiff. (Docket Nos. 207 & 208). The Court finds that defendant Depee is not a prevailing party, and DENIES defendant's bill of costs. (Docket Nos. 206 & 209).

**IT IS SO ORDERED.**

Dated: February 25, 2008

SUSAN ILLSTON
United States District Judge