IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MAHACH-WATKINS, Individually and as the Successor in Interest to the Estate of JOHN JOSEPH WAYNE WATKINS,<br><br>        Plaintiff,<br>  v.<br>LARRY DEPEE, *et al.*,<br><br>        Defendants.<br>                                    / | No. C 05-1143 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION FOR COSTS** |

Plaintiff has filed a renewed motion for costs pursuant to 42 U.S.C. § 1988. The motion is scheduled for a hearing on October 23, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

After a three week jury trial, a jury returned a mixed verdict: the jury found that defendant Depee violated decedent John Watkins' Fourth Amendment rights and caused a battery to him, but found against plaintiff on her own claim under the Fourteenth Amendment. In the damages phase, the jury awarded nominal damages of $1 on the Fourth Amendment claim and $1 on the battery claim, and did not award punitive damages. By order filed February 25, 2008, the Court granted in part plaintiff's motion for attorneys' fees and costs, and awarded plaintiff $136,687.35 in fees. In awarding fees, the Court found that plaintiff was entitled to fees because she prevailed at a jury trial on two of the three claims, but reduced the lodestar award by 80% to reflect plaintiff's limited success. With respect to costs, plaintiff's motion sought $117,654.68 in costs that were taxable under Federal Rule of Civil

Procedure 54(b) and well as non-taxable costs under 42 U.S.C. § 1988. The Court directed plaintiff to submit a cost bill to the Clerk solely seeking the Rule 54(b) costs, and after the Clerk taxed costs, to file a renewed motion seeking only § 1988 costs. The Court directed plaintiff that the renewed motion should not seek to recover expert fees or costs for general office supplies. *See West Virginia Univ. Hosp. v. Casey*, 499 U.S. 83, 102 (1991) (expert fees not available under § 1988). Plaintiff submitted a cost bill to the Clerk, and on August 12, 2009, the Clerk taxed costs in the amount of $26,832.30 against defendants. Plaintiff has filed a renewed motion for non-taxable costs under § 1988, seeking a total of $51,318.99.[1]

Defendants oppose the cost bill on several grounds. First, defendants contest a number of charges related to experts. Defendants challenge as unrecoverable a $3,010 charge for plaintiff's expert travel fees; in response, plaintiff has deducted that charge. Defendants also challenge as unexplained several entries related to plaintiff's experts Roger Clark and Ken Moses; in response, plaintiff's counsel Tory Pankopf has submitted a declaration explaining that the charges at issue were incurred in preparation for the experts' deposition, and included charges for meals, counsel's hotel expenses, copying and courier services. The Court is satisfied with Mr. Pankopf's declaration and finds that these expenses are recoverable. *See Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994) (postage, investigator, copying, hotel bills, messenger service, and reproduction costs were reasonable and recoverable under § 1988). Defendants also dispute $4,475.00 that plaintiff was required to pay defendants' experts in order to take those experts' depositions. Defendants argue that while it is within the Court's discretion to award expert fees paid to the opponent's experts, plaintiff is precluded from seeking those fees by the Court's February 25, 2008 order, which instructed plaintiff not to seek expert fees. However, the Court only intended the previous order to preclude plaintiff from seeking those expert fees that are clearly not recoverable under § 1988 – i.e., one's own expert fees – and the February 25, 2008 order was not meant to prevent plaintiff from seeking fees paid to defense experts in order to take their depositions. The Court finds that these fees are recoverable. *See id.* (awarding fees paid to

---

[1] Plaintiff's renewed motion for costs originally sought $65,380.64 in costs. During the course of briefing this motion, and in response to defendant's arguments that plaintiff had improperly sought duplicative costs and expert fees, plaintiff agreed to deduct $14,061.65 from the cost motion.

2

opponent's experts under § 1988).

Second, defendants contend that plaintiff should not be permitted to recover $205.00 for "Airfare to and from San Francisco Re: Motion to Dismiss" on July 8, 2005 because plaintiff's counsel failed to appear at the motion to dismiss hearing. Plaintiff responds that counsel has previously conceded that he did not appear at the July 8, 2005 hearing, and is not seeking any attorney fees in connection with that hearing, but that the airfare costs should be recoverable. In light of the fact that plaintiff's counsel did not appear at the hearing, the Court does not find it appropriate to award these costs, and STRIKES $205.00 from the cost recovery.

Third, defendants contend that plaintiff is seeking items already awarded in the Clerk's order taxing costs, as well as some costs that have been listed twice. In response, plaintiff has deducted all of the challenged entries from the cost motion, for a total reduction of $11,051.65.

Fourth, defendants challenge plaintiff's charges for copy, mailing, fax and legal research, which total $7,861.87. Under 42 U.S.C. § 1988, the court has discretion to award a prevailing party out-of-pocket expenses that attorneys normally charge to fee paying clients. *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Defendants argue that the copy, mailing, fax and legal research costs should not be awarded because plaintiff has not made any showing that it is the prevailing practice in this legal community for lawyers to bill those costs separately from their hourly fees. The Court has adjudicated many fee and cost petitions, and finds that attorneys routinely bill their clients for these types of expenses. The Court has also reviewed the billing sheets and finds that the expenses sought are reasonable and necessary to this litigation.

Finally, defendants argue that just as the Court reduced plaintiff's attorney fee award to reflect plaintiff's limited success, the Court should similarly reduce plaintiff's cost award by 80%. As plaintiff notes, however, defendants do not cite any authority for the proposition that the Court can reduce a cost award based on limited success. Moreover, even if the Court has such authority, the Court does not find it appropriate to do so here. Unlike attorneys' fees, the costs sought here are out-of-pocket and were necessary to advance this litigation.

Accordingly, the Court GRANTS in part plaintiff's motion for costs under 42 U.S.C. § 1988, and awards costs in the amount of $51,113.99.

3

**CONCLUSION**

The Court GRANTS in part plaintiff's renewed motion for costs under 42 U.S.C. § 1988. (Docket No. 257).

**IT IS SO ORDERED.**

Dated: October 20, 2009

SUSAN ILLSTON
United States District Judge